UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEVAR T. HENRY,<br><br>      Plaintiff,<br><br>-against-<br><br>JODI HILL-LILLY; ALYSSA BURROUGHS,<br><br>      Defendants. | 25-CV-1250 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights with respect to his custody of a child in Connecticut.[1] Named as Defendants are Connecticut Department of Children and Families ("DCF") Commissioner Jodi Hill-Lilly and DCF social worker Alyssa Burroughs. For the following reasons, this action is transferred to the United States District Court for the District of Connecticut.

### DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, references to a minor child's name in court submissions must be made using only the child's initials. *See* Fed. R. Civ. P. 5.2(a)(3). In the complaint, Plaintiff reveals the full names of minor children. The Court has therefore directed the Clerk of Court to restrict electronic access to the complaint to a "case participant-only" basis.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants, who are employees of the State of Connecticut, violated his rights with respect to paternity and child custody proceedings in Connecticut. Although Plaintiff is incarcerated in the State of New York, the operative events giving rise to his claims occurred in Connecticut. He does not plead the residence of any of the defendants, but he alleges that they are employed by DCF in Bridgeport, Connecticut. The State of Connecticut constitutes one judicial district. *See* 28 U.S.C. § 86. Even if the Court did assume that both defendants reside in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Connecticut, venue would also be proper under Section 1391(b)(2) in the District of Connecticut.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Connecticut, Defendant Burroughs is employed in Connecticut and Defendant Hill-Lilly serves as Commissioner of a Connecticut state agency. It is reasonable to expect that relevant documents and witnesses also would be in Connecticut. The District of Connecticut appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of Connecticut. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Connecticut. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 18, 2025
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge